Bruce C. Fox (*pro hac vice* forthcoming)
bruce.fox@obermayer.com
Andrew J. Horowitz (*pro hac vice* forthcoming)
andrew.horowitz@obermayer.com
OBERMAYER REBMANN MAXWELL &
HIPPEL, LLP
BNY Mellon Center, Suite 5240
500 Grant Street
Pittsburgh, PA 15219
Tel:  (412) 566-1500
Fax:  (412) 281-1530

Mamta Ahluwalia (CA State Bar No. 245992)
mahluwalia@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Telephone/Facsimile: (213) 259-9950

Patrick Leo McGuigan (*pro hac vice* admission
forthcoming)
plmcguigan@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Telephone: (206) 826-5374
Facsimile: (206) 260-3055

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLEN LAWSON,<br><br>    Plaintiff,<br><br>vs.<br><br>PPG INDUSTRIES, INC.,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Wallen Lawson states as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendant PPG Industries Inc.'s unlawful treatment of Plaintiff Wallen "Wally" Lawson, who worked for PPG Industries as a Territory Manager ("TM"), merchandizing PPG Industries' architectural paint products in Lowe's home improvement stores. PPG Industries engaged in a pattern of unethical and illegal conduct towards Lawson. First, it directed him to "mistint" paint, which as set forth below, amounts to stealing from PPG Industries' customer, Lowe's. Next, it consistently required him to work substantial hours "off the clock" in violation of the Fair Labor Standards Act ("FLSA") and the California Labor Code, for which he is entitled to unpaid overtime wages and liquidated damages under the FLSA. Finally, Defendant illegally fired Lawson on September 6, 2017 in violation of Cal. Labor Code Section 1102.5, prohibiting retaliation against whistleblowers, after Lawson reported its directive to mistint paint to the company's ethics hotline.

## THE PARTIES

2.      Plaintiff Wallen Lawson is an adult individual residing at 13404 Verona, Tustin, California 92782. Lawson was employed by PPG Industries as a TM and was fired from employment with PPG on September 6, 2017. He covered Lowe's stores in the vicinity of Orange County, California.

3.      Defendant PPG Industries, Inc. ("PPG") is a Pennsylvania corporation with its principal place of business located in Pittsburgh, Pennsylvania. Defendant maintains its Corporate Headquarters at One PPG Place, Pittsburgh, Pennsylvania 15272. At all relevant times, PPG has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the subject matter of California Plaintiffs' California state law claims, under 28 U.S.C. 1367(a), because they are so intertwined with the FLSA claims as to form part of the same case or controversy.

5.      This Court has jurisdiction over the Defendant, because Defendant is an entity having sufficient minimum contacts with the Central District of California so as to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

6.      Venue is proper in this district under 28 U.S.C. § 1391.

7.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

# FACTUAL BACKGROUND

A.     **PPG retaliated against Plaintiff Lawson for reporting the company's improper practices**

8.     Sometime in the early summer of 2017, Clarence Moore, the Regional Manager to whom Lawson reported, conducted a conference call during which he instructed Lawson and the other TMs in his region to "mistint" gallons of PPG Industries' "RescueIt" product at Lowe's stores.

9.     Like other paints, RescueIt is shipped to Lowe's stores in a neutral-colored base formula, and then tinted to the color of the customer's preference using a tinting machine at the store's paint counter. If a can of paint is accidentally tinted to the wrong color (i.e. "mistinted"), or a customer does not pick up an order, the tinted paint is placed on a clearance rack and sold at a deep discount—for pennies on the dollar.

10.     Upon information and belief, according to an agreement between PPG Industries and Lowe's, Lowe's can demand that PPG Industries repurchase paint that is not sold within a requisite period of time. If a gallon of paint is mistinted, however, it is considered sold to Lowe's and PPG Industries cannot be forced to repurchase it. Further, because the price that Lowe's pays PPG Industries for the paint is higher than that for which it sells mistinted paint on the clearance rack, Lowe's takes a loss on all mistinted paint sold on the clearance rack.

11.    At the time Moore instructed his TMs to mistint paint, RescueIt was not selling well and PPG Industries expected Lowe's to make a demand that it buy back unsold product.

12.    Moore instructed his TMs that mistinting should be done "on the down-low." He suggested that they offer to cover the paint desk for Lowe's associates when they went on lunch or break, and to use that time to surreptitiously mistint paint.

13.    Moore further instructed his TMs that if caught, they should say that a customer ordered the paint but did not appear to pick it up.

14.    On subsequent conference calls, Moore would ask his TMs how many gallons they were able to mistint, and some TMs would boast about the extent of their mistinting.

15.    Lawson was understandably disturbed by these directives, and refused to mistint paint. He called PPG's ethics hotline to report the scheme on April 18, 2017. This resulted in Lawson being interviewed by PPG Investigator David Duffy.

16.    On July 6, 2017, Moore sent the following text message to his TMs:

*Effective immediately!! !! Please do not mistint*

*Rescue It product any more.*

17.    Moore proceeded to unfairly score Lawson's market walk evaluations in order to give him failing scores, starting with Lawson's July 13,

2017 market walk. Moore engaged in the same practice with Lawson's final market walk in late-August 2017. The scores were not based on measurable benchmarks and were entirely left to Moore's arbitrary discretion.

18.    After two such market walks, Moore fired Lawson on September 6, 2017.

19.    Perhaps realizing that his scoring of Lawson's market walks might not withstand scrutiny, Moore came up with a second justification for Lawson's firing, contending that Lawson had falsified his training records to make it appear that he was doing more work than he actually was. This justification was fabricated by Moore in order to conceal his true reasons for terminating Lawson.

20.    During Lawson's termination meeting, Moore was present and an HR representative, Andy Mayhew, was on the phone. Lawson explained that he believed the firing was in retaliation for his reporting the mistinting scheme.

21.    Instead of treating Lawson as a protected whistleblower whom he had a duty to protect, the HR representative said that he did not want to hear about this and abruptly got off the phone.

22.    Based upon Lawson's conversations with other TMs, other regions were also directed by their RMs to mistint RescueIt product. It is therefore believed to be a scheme that emanated from a higher level in PPG Industries.

**B.      PPG Industries forced Lawson to work "off the clock"**

23.      PPG Industries manufactures paints and stains for consumer use and sells paints and stains under the registered trade name, "Olympic" at Lowe's stores throughout the country.

24.      PPG Industries employs TMs, including Lawson, as retail merchandising clerks—responsible for inventory management, event and brand marketing and product training within assigned Lowe's stores in designated geographic regions.

25.      As a result of prior class-wide overtime federal court litigation involving the TMs, the TMs were properly classified as FLSA non-exempt on January 1, 2012.[1]

26.      Therefore, during the relevant time period, Lawson was properly classified as FLSA non-exempt.

27.      In the process of reclassifying the TMs as non-exempt, PPG Industries enacted a policy and practice whereby TMs are paid for forty straight-time hours and five overtime hours per week. TMs were at all relevant times expected to complete their job duties in these forty-five hours per week.

28.      In reality, it takes most TMs a minimum of 50-55 hours per week to complete their job duties. This was true of Lawson.

---

[1] See *Seymour v. PPG Industries, Inc.* 09-CV-01707-JFC (W.D. Pa.).

29.     In April of 2016, PPG Industries began requiring TMs to complete merchandising tasks listed on monthly action plans ("MAPs"). This included both in-store tasks and building displays, which usually had to be performed at home. This drastically increased the TMs' workload.

30.     At the same time, Lowe's increased pressure on PPG Industries to have TMs work more hours in each store.

31.     If TMs do not complete all of their job duties, including those listed on the month's MAP, they face repercussions ranging from low ratings on their market walk reviews, to loss of bonuses and raises, to termination.

32.     PPG engaged in various machinations to discourage Lawson from submitting more than 45 hours per week, regardless of his actual hours worked. For example, Lawson was told by his regional managers:

    a.     *"Just get it done"*

    b.     *"Sometimes you have to make sacrifices"*

    c.     *"Tough"*

33.     Some TMs who attempt to record more than 45 hours in a work-week without authorization are subject to discipline. While TMs can seek leave to work extra hours, these requests are disfavored and often denied. TMs are actively discouraged from making them.

1
2

## FIRST CAUSE OF ACTION
### [Violation of Cal. Labor Code § 1102.5]

3

34.    Lawson re-alleges and incorporates by reference the allegations

4

contained in the paragraphs above as if fully set forth herein.

5
6

35.    California Labor Code § 1102.5(a), prohibits employers from

7

discharging, retaliating, or in any manner discriminating against an employee

8

for disclosing information to a person with authority over the employee, or to

9
10

another employee who has authority to investigate, discover, or correct the

11

violation or noncompliance, if the employee has reasonable cause to believe

12

that the information discloses a violation of state or federal law, or a violation

13
14

or noncompliance with a state or federal rule or regulation.

15

36.    Labor Code § 1102.5(c), prohibits employers from retaliating

16
17

against an employee for refusing to participate in an activity that would result

18

in a violation of state or federal statute, or a violation or noncompliance with

19

a state or federal rule or regulation.

20
21

37.    Lawson complained to PPG Industries' ethics hotline that he was

22

instructed by his Regional Manager, Moore, to mistint paint in Lowe's stores.

23

Because mistinting the paint amounted to theft from Lowe's, it violated

24

California law.

25
26

38.    In retaliation for reporting his employer's unlawful conduct and

27

practices to the employer's ethics hotline, and for opposing and refusing to

28

participate in what he reasonably believed to be unlawful conduct by his

employer, PPG Industries terminated Plaintiff's employment, citing unfounded allegations that Lawson had falsified his training roster.

39.     As a proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof.

## SECOND CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]

40.     Lawson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

41.     Under California law, no employee, whether an at-will employee, or employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  California courts have interpreted a fundamental public policy to be any articulable constitutional, statutory, or regulatory provision that is concerned with a matter affecting society at large rather than a purely personal or proprietary interest of the employee or employer.  The public policy must be fundamental, substantial, and well established at the time of Plaintiff's discharge.

42.     It was and is the public policy of the State of California, as set forth in California Labor Code § 1102.5, that an employer may not retaliate or in any manner discriminate against an employee for making an oral or

written complaint regarding illegal activity to a governmental agency or their employer.

43.     Lawson was discharged from his employment on the pretext that he falsified his roster.  In fact, PPG's decision to terminate Lawson's employment was motivated in substantial part by Lawson's complaint to his employer about his manager's directive to mistint paint, which amounted to theft from Lowe's, and for Lawson's refusal to participate in the illegal activity.

44.     In terminating Lawson for these reasons and under the circumstances alleged herein, Lawson believes and alleges that PPG violated the fundamental public policies embodied in section 1102.5 of the California Labor Code.

As a proximate result of PPG's actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof.

### THIRD CAUSE OF ACTION
**[Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*]**

45.     Lawson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

46.     PPG Industries has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, codified at 29 U.S.C. § 201, *et seq.*

47.     PPG Industries employed Lawson within the meaning of the FLSA.

48.     PPG Industries had a policy and practice of refusing to pay any compensation, including straight time and overtime compensation, to Lawson for hours worked in excess of forty-five hours per workweek, and discouraging him from reporting such hours.

49.     While Lawson typically worked fifty-five hours per week, he was actively discouraged by his regional managers, including Moore, from reporting more than forty-five hours per week.

50.     At the same time, PPG Industries' management knew that TMs, including Lawson, regularly found it necessary to work far more than forty-five hours per workweek in order to accomplish all of their job expectations.

51.     As a result of PPG Industries' willful failure to compensate Lawson for all the hours worked, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, PPG Industries violated the FLSA, including §§ 207(a)(1) and 215(a).

52.     As a result of PPG Industries' active discouragement of Lawson from recording more than 45 hours per workweek, PPG Industries has failed to make, keep and preserve records with respect to Lawson sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

53.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

54.    Lawson is entitled to recover from PPG Industries his unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, under § 216(b) of the FLSA.

55.    Lawson also requests further relief as described below.

**FOURTH CAUSE OF ACTION**
**[Cal. Labor Code §§ 510, 558, and 1194 et seq.,**
**and Wage Order No. 7-2001]**

56.    Lawson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

57.    During the statute of limitations period, PPG Industries required Lawson to work in excess of eight hours per workday and forty hours per workweek. However, PPG Industries failed to fully pay the overtime wages that Lawson earned.

58.    California Labor Code § 510 and the applicable Wage Order require that an employer compensate all work performed by an employee in excess of eight hours per workday and forty hours per workweek, at one and one-half times the employee's regular rate of pay.

59.    California Labor Code § 1194 states that any employee receiving less than the applicable legal overtime compensation is entitled to recover in a

civil action the unpaid balance of the full amount of his overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

60.     During all relevant times, PPG Industries knowingly and willfully failed to pay overtime earned and due to Lawson. PPG Industries' conduct deprived Lawson of full and timely payment for all overtime hours worked in violation of the California Labor Code.

61.     Lawson also requests further relief as described below.

**FIFTH CAUSE OF ACTION**
**Failure to Reimburse for Business Expenses**
**[California Labor Code § 2802]**

62.     Lawson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

63.     California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

64.     In order to discharge his duties, Lawson incurred necessary and reasonable expenses that were not reimbursed by PPG Industries.

65.     Lawson incurred these expenses because he had to use his home internet to fulfill his duties. PPG Industries did not pay any portion of this cost.

66.     PPG Industries has violated and continues to violate Wage Order No. 7, Labor Code § 2802, and *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (Cal. App. 2014) because TMs must use their home internet to

perform their job duties and PPG Industries fails to reimburse the TMs a reasonable percentage of their internet bill.

67.    PPG Industries' conduct deprived Lawson of these reimbursements.

68.    Lawson also requests further relief as described below.

**SIXTH CAUSE OF ACTION**
**Unfair Competition Law Violations**
**[Cal. Business & Professions Code § 17200 et seq.]**

69.    Lawson re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

70.    California Business & Professions Code § 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

71.    PPG Industries committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by the California Business & Professions Code, § 17200. PPG Industries' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay overtime wages, failing to timely pay all wages earned, failing to keep required payroll records, and failure to reimburse for business expenses, in violation of California law and/or the FLSA.

72.    As a result of this unlawful and/or unfair and/or fraudulent business practice, PPG Industries reaped unfair benefits and illegal profits at the expense of Lawson.

73.     PPG Industries must disgorge these ill-gotten gains and restore Lawson all wrongfully withheld wages, including, but not limited to overtime compensation.

74.     Lawson also requests further relief as described below.

## PRAYER FOR RELIEF

WHEREFORE, Lawson respectfully requests that this Court grant the following relief:

i.    Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

ii.   Enjoin PPG Industries from violating the FLSA and California law as alleged above;

iii.  Award of back pay and benefits, front pay and benefits, compensatory damages, emotional distress, and civil penalty for PPG Industries' retaliation against Lawson;

iv.   Award of back pay and benefits, front pay and benefits, general damages, and exemplary damages for defamation;

v.    Award of unpaid wages, as well as all overtime compensation, due under the FLSA and California law;

vi.   Award of liquidated damages as a result of PPG's willful failure to pay for all wages and overtime compensation due under the FLSA;

vii.  Award of damages in the amount of unreimbursed business expenses;

viii.    Award of pre-judgment and post-judgment interest;

ix.    Award of costs and expenses of this action, together with reasonable

attorneys' and expert fees; and,

x.    Such other relief as this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Plaintiff Lawson demands a trial by jury on claims so triable.

Dated: April 25, 2018                    Respectfully submitted,


**HKM Employment Attorneys LLP**


*/s/ Mamta Ahluwalia*
Mamta Ahluwalia (CA State Bar No. 245992)
453 S. Spring Street, Suite 1008
Los Angeles, California 90013
Telephone/Facsimile: (213) 259-9950
mahluwalia@hkm.com

*Attorneys for Plaintiff Wallen Lawson*