KARIN M. COGBILL, Bar No. 244606
kcogbill@littler.com
MICHAEL W. M. MANOUKIAN, Bar No. 308121
mmanoukian@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando Street
7th Floor
San Jose, CA 95113
Telephone: 408.998.4150
Facsimile: 408.288.5686

THEODORE A. SCHROEDER, PA Bar No. 80559
*(pro hac vice)*
LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
Telephone: 412.201.7600
Fax No.: 412.456.2377

RACHAEL LAVI, Bar No. 294443
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
PPG ARCHITECTURAL FINISHES, INC.

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLEN LAWSON,<br><br>  Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC.,<br><br>  Defendant. | Case No. 8:18-CV-00705-AG-JPR<br><br>**JOINT PROTECTIVE ORDER** |

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action involves confidential, proprietary, or private information that the parties believe requires special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order applies to discovery already conducted in this matter. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5.1 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1 Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the designator to sanctions. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2 Manner and Timing of Designations**. Designation under this Order

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

JOINT PROTECTIVE ORDER 2. CASE NO. 8:18-CV-00705-AG-JPR

4845-7446-8497
4845-7446-8497

requires the designator to affix the applicable legend ("CONFIDENTIAL") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated CONFIDENTIAL unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

**2.3    Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS

All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4. The Parties stipulate and agree that for any material designated on or after April 1, 2019, the right of any Party to challenge a designation pursuant to this Paragraph shall not be prejudiced by the discovery end date in this matter if the Court so allows.

/ / /

/ / /

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

**JOINT PROTECTIVE ORDER**     3.     CASE NO. 8:18-CV-00705-AG-JPR

4845-7446-8497
4845-7446-8497

## 4. ACCESS TO DESIGNATED MATERIAL

**4.1 Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

**4.2 Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

**4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

///

///

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

**JOINT PROTECTIVE ORDER** 4. CASE NO. 8:18-CV-00705-AG-JPR

4845-7446-8497
4845-7446-8497

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**5.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**5.2 Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, that party must:

**5.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

**5.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

**5.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**5.3 Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

## 6. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

JOINT PROTECTIVE ORDER 5. CASE NO. 8:18-CV-00705-AG-JPR

4845-7446-8497
4845-7446-8497

disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 7. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and 26(e).

## 8. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a ***receiving party's*** request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party ***may file the material in the public record*** unless (1) ***the designator*** seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

///

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

4845-7446-8497
4845-7446-8497

///

## 9. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designate material. Any such archival copies remain subject to this Order.

**SO STIPULATED AND AGREED.**

Respectfully submitted,

Dated: April 2, 2019  OBERMAYER REBMANN MAXWELL & HIPPEL, LLP

HKM EMPLOYMENT ATTORNEYS

*/s/ Andrew Horowitz*
Andrew Horowitz
Attorneys for Plaintiff Wallen Lawson

Dated: April 2, 2019  LITTLER MENDELSON, P.C.

4845-7446-8497
4845-7446-8497

/s/ *Karin M. Cogbill*
Karin M. Cogbill
Attorneys for Defendant PPG Architectural Finishes, Inc.

IT IS SO ORDERED.

Dated: April 8, 2019

UNITED STATES
MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

4845-7446-8497
4845-7446-8497

# EXHIBIT A

# AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on ___ [date] in the case of Wallen Lawson v. PPG Architectural Finishes, Inc., Case No. 8:18-CV-00705-AG-JPR. **I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to** sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA 15222
412.201.7600

4845-7446-8497
4845-7446-8497