# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| WALLEN LAWSON, | ) Case Number: 8:18-cv-00705 |
| Plaintiff, | ) **PROPOSED JURY INSTRUCTIONS** |
|  | ) ~~DEMAND FOR JURY TRIAL~~ |
| vs. | ) |
| PPG INDUSTRIES, INC. | ) |
| Defendant. | ) |

DATED: April__, 2025

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

1

Court's Instruction No. 1

Ladies and gentlemen:  You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to

be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

4934-6170-3479.1 / 127684.1001

Court's Instruction No.  2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true.  This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

You should base your decision on all of the evidence, regardless of which party presented it.

4934-6170-3479.1 / 127684.1001

1

2

3

<u>Court's Instruction No. 3</u>

4

Mr. Lawson asserts that PPG fired [discharged] him eight years ago from his

5

position as a territory manager servicing the Lowe's stores because he blew the

6

whistle on a fraudulent scheme by his boss, Regional Manager Clarence Moore,

7

and his boss's boss, Sean Kacsir. Mr. Lawson contends that Mr. Moore

8

commanded his subordinates to secretly mis-tint large quantities of poor-selling

9

paint product the wrong color. This forced PPG's customer Lowe's to sell the

10

product to the retail public at a deep discount and allowed PPG to avoid buying

11

back from Lowe's the unsold product at its full price. Mr. Lawson asserts that Mr.

12

Moore put him on a performance improvement plan right after Mr. Lawson

13

confronted him and refused to participate in the mis-tinting scheme. Mr. Lawson

14

further contends that Mr. Moore later procured his firing based upon fabricated

15

reasons, despite the fact that PPG's internal investigators found that Mr. Moore

16

had orchestrated the mis-tinting scheme, cheated its customer Lowe's, and had lied

17

to the investigators about his central role in the scheme. Mr. Lawson therefore

18

brings claims against PPG for violating the California Whistleblower Protection

19

Law, California Labor Code § 1102.5, and for wrongful termination in violation of

20

public policy under California common law.

21

PPG denies Mr. Lawson's allegations. The company maintains that it

22

terminated Mr. Lawson for ongoing performance issues that failed to improve after

23

the Company provided him the opportunity to do so. PPG also contends that the individuals who terminated his employment had no knowledge that Mr. Lawson had made anonymous ethics complaints and that he never reported any actual legal violations to Mr. Moore or the Company. PPG further states that it would have made the same decision to terminate Mr. Lawson for performance reasons regardless of any protected activity.

Mr. Lawson denies each and every one of PPG's affirmative defenses.

PPG objects to the highlighted portion of this proposed instruction as unsupported by any admissible evidence or is improperly argumentative.

6

<u>Court's Instruction No. 4</u>

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

4934-6170-3479.1 / 127684.1001

## Court's Instruction No. 5

In reaching your verdict, you may consider only the testimony and exhibits
received into evidence. Certain things are not evidence, and you may not consider
them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers
       are not witnesses. What they have said in their opening statements,
       closing arguments and at other times is intended to help you interpret
       the evidence, but it is not evidence. If the facts as you remember them
       differ from the way the lawyers have stated them, your memory of
       them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have
       a duty to their clients to object when they believe a question is
       improper under the rules of evidence. You should not be influenced
       by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you have been
       instructed to disregard, is not evidence and must not be considered. In
       addition, some evidence was received only for a limited purpose;
       when I have instructed you to consider certain evidence only for a

4934-6170-3479.1 / 127684.1001

limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4934-6170-3479.1 / 127684.1001

<u>Court's Instruction No. 6</u>

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

4934-6170-3479.1 / 127684.1001

<u>Court's Instruction No. 7</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

4934-6170-3479.1 / 127684.1001

Court's Instruction No. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## Court's Instruction No. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what

13

4934-6170-3479.1 / 127684.1001

they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Court's Instruction No. 10

The parties have agreed to the following facts.

1. ~~Mr. Moore remains in the employ of PPG to this day.~~

2. ~~Mr. Moore was instructed by PPG to refrain from penalizing his territory managers for not complying with his directive to mis-tint.~~

3. ~~PPG never informed Lowe's of the mis-tinting scheme.~~

4. ~~PPG never issued it any credit to Lowe's for the any of the mis-tinted paint.~~

**[Court will take from the Pretrial Conference Order.]**

You must accept these fact as having been proven.

4934-6170-3479.1 / 127684.1001

Court's Instruction No.  11

     You may hear testimony from experts about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of this witness.

     Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

4934-6170-3479.1 / 127684.1001

Court's Instruction No.  12

I will now say a few words about your conduct as jurors. First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your

17

employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

18

Court's Instruction No.  13


During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.


If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

4934-6170-3479.1 / 127684.1001

Court's Instruction No.  14

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

4934-6170-3479.1 / 127684.1001

## Court's Instruction No. 15

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

Court's Instruction No. 16

I have some additional instructions concerning the Covid-19 pandemic and the steps we will be taking to keep all us safe and healthy.

The Court follows the CDC guidelines. Orange County is presently in the green zone. Masks are not required, but if you prefer, you may wear a mask. Do not concern yourself with the reasons why a participant may or may not wear a mask or face shield. You should not draw any conclusions or be influenced in any way based solely on whether someone wears a mask or face shield during this trial.

If conditions change, I will advise you, and we will take appropriate actions.

Throughout trial, please immediately notify the Court of any change in your health and the health of those you live with or have had close contact. Do not report to the courthouse if you have developed symptoms associated with Covid-19, have reason to believe that you have Covid-19, have taken a Covid-19 test and are awaiting the results, or have learned that you have had close contact with anyone who has been suspected of or diagnosed with Covid-19 within the last 14 days. Instead, immediately contact the courtroom deputy at the number that has

4934-6170-3479.1 / 127684.1001

been provided to you. We will then determine whether it is safe for you to report to the courthouse.

If you have any questions about Covid-19 or these procedures, please send me a note by giving it to the courtroom deputy.

I want all of us to stay safe and healthy. Thank you for your understanding and cooperation.

4934-6170-3479.1 / 127684.1001

Defendant's Proposed Instruction No. 17

Corporations – Fair Treatment[1]

     All parties are equal before the law and a corporation like PPG is entitled to the same fair and conscientious consideration by you as any party.

---

[1] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated November 2024) – Model Instruction No. 4.1

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed Instruction No. 18

LIABILITY OF A CORPORATION[2]

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, PPG is responsible for the acts of Clarence Moore, Sean Kacsir, Andy Mayhew, Michele Minda, Catherine McKinley and any other PPG employees, agents, directors, and officers performed within the scope of their authority.

Plaintiff requests that this version of the Ninth Circuit instruction be used, as it specifies the individual agents of PPG after PPG referenced itself by name in the prior instruction No. 17.

Defendant objects to this instruction because it unnecessarily deviates from the model instruction proposed by Defendant.

---

[2] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 4.2

4934-6170-3479.1 / 127684.1001

Defendant's Proposed Instruction No. 18

LIABILITY OF A CORPORATION[3]

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, ~~a corporation~~PPG is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Plaintiff objects to Defendant's proposed instruction, as it fails to identify any of said employees, agents, directors, or officers specific to the facts of this case and for whom the jury had just witnessed testimony of throughout the trial.

---

[3] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated November 2024) – Model Instruction No. 4.2.

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed Instruction No. 19

**PRINCIPAL SUED BUT NOT AGENT – NO ISSUE AS TO AGENCY OR AUTHORITY[4]**

Clarence Moore, Sean Kacsir, Andy Mayhew, Michele Minda and Catherine McKinley were agents of the defendant PPG, and, therefore, any act or omission by any of them was the act or omission of PPG.

Plaintiff requests that this instruction be included, as it is not duplicative, and Defendant does not object to the accuracy of this statement.

Defendant objects to this proposed instruction as duplicative and unnecessary.

---

[4] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 4.10.

27

4934-6170-3479.1 / 127684.1001

Joint Proposed Instruction No. 20
## BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE[5]

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

[5] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 1.6.

4934-6170-3479.1 / 127684.1001

Joint Proposed Instruction No. 21

BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

Plaintiff objects to the order of this instruction because it should follow the substantive California Labor Code § 1102.6 instruction to which it applies and is relevant.

29

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed's Instruction No. 22

CALIFORNIA LABOR CODE § 1102.5 GENERAL WHISTLEBLOWER LAW – ELEMENTS AND BURDEN OF PROOF[6]

Mr. Lawson claims that PPG [discharged/[*other adverse employment action*]] fired [him/*her*/*nonbinary pronoun*] in retaliation for [his/*her*/*nonbinary pronoun*] [disclosure of information of/refusal to participate in] an the unlawful act of committing fraud against Lowe's through mis-tinting its poor-selling paint product and for objecting to Clarence Moore's directive to mis-tint to Mr. Moore directly and for reporting it to PPG's internal investigators. To establish this claim, Mr. Lawson must prove all of the following are more likely true than not true:

- 1.That PPG was Mr. Lawson's employer;

- 2.[That Mr. Lawson disclosed /[*name of defendant*] believed that [*name of plaintiff*] [had disclosed/might disclose]] to a [government agency/law enforcement agency/persons with authority over [*name of plaintiff*]/ [or] an employee with authority to investigate, discover, or correct legal [violations/noncompliance]] him that Clarence Moore directed his territory managers to mis-tint paint in an act of fraud against Lowe's; [*specify information disclosed*];]

[*or*]

---

[6] Judicial Council of California Civil Jury Instructions, 2 CACI 4603 (2025).

[That [*name of plaintiff*] refused to [*specify activity in which plaintiff refused to participate*];]

3.[That [*name of plaintiff*]Mr. Lawson had reasonable cause to believe that the information disclosed [a violation of a [state/federal] statute/[a violation of/noncompliance with a [local/state/federal] rule or regulation];] law;

[*or*]

[That [*name of plaintiff*] had reasonable cause to believe that the [information provided to/testimony before] the public body disclosed [a violation of a [state/federal] statute/[a violation of/noncompliance with] a [local/state/federal] rule or regulation];]

[*or*]

[That [*name of plaintiff*]'s participation in [*specify activity*] would result in [a violation of a [state/federal] statute/[a violation of/noncompliance with] a [local/state/federal] rule or regulation];]

4.That PPG fired Mr. Lawson; [*name of defendant*] [discharged/[*other adverse employment action*]] [*name of plaintiff*];

5.That Mr. Lawson's disclosure to PPG that Clarence Moore directed his territory managers to mis-tint the paint product, and/or his confrontation with Mr. Moore in which he refused to implement Moore's directive, [disclosure of information/refusal to [*specify*]]/[*name of defendant*]'s belief

31

that [*name of plaintiff*] [had disclosed/might disclose] information] was a

contributing factor in PPG 's decision to fire Mr. Lawson; [discharge/[*other*

*adverse employment action*]] [*name of plaintiff*];

6. That Mr. Lawson was harmed; and

7. That PPG 's conduct was a substantial factor in causing Mr. Lawson 's

harm.

A "contributing factor" is any factor, which alone or in connection with

other factors, tends to affect the outcome of a decision. A contributing factor can

be proved even when other legitimate factors also contributed to the employer's

decision.

[The disclosure of policies that an employee believes to be merely unwise,

wasteful, gross misconduct, or the like, is not protected. Instead, Mr. Lawson must

have reasonably believed that PPG 's policies violated federal, state, or local

statutes, rules, or regulations.]

[It is not Mr. Lawson 's motivation for his disclosure, but only the content of

that disclosure, that determines whether the disclosure is protected.]

[A disclosure is protected even though disclosing the information may be part of

Mr. Lawson 's job duties.]

[A disclosure is protected even though the [agency/employer] already knew about

the information disclosed.

32

Plaintiff requests that this instruction be used, as it more closely applies to the facts of this case.

Defendant objects to this version of the instruction to the extent its proposed version more closely tracks the evidence expected to be introduced at trial.

4934-6170-3479.1 / 127684.1001

Defendant's Proposed Instruction No. 22
CALIFORNIA LABOR CODE § 1102.5 GENERAL WHISTLEBLOWER LAW
– ELEMENTS AND BURDEN OF PROOF[7]

[Name of plaintiff] Mr. Lawson claims that [name of defendant]PPG [discharged/[other adverse employment action]] [him/her/nonbinary pronoun] in retaliation for [his/her/nonbinary pronoun] [disclosure of information of/refusal to participate in] an unlawful act. To establish this claim, [name of plaintiff]Mr. Lawson must prove all of the following are more likely true than not true:

1. That [name of defendant]PPG was [name of plaintiff]Mr. Lawson's employer;

2. [That [[name of plaintiff] disclosed/[name of defendant] believed that [name of plaintiff] [had disclosed/might disclose]] to a [government agency/law enforcement agency/person with authority over [name of plaintiff]/ [or] an employee with authority to investigate, discover, or correct legal [violations/noncompliance]] that [specify information disclosed];]

[or]

[That [name of plaintiff] [provided information to/testified before] a public body that was conducting an investigation, hearing, or inquiry;]

[or]

---

[7] Judicial Council of California Civil Jury Instructions, CACI 4603 (2025).

4934-6170-3479.1 / 127684.1001

[That [name of plaintiff]Mr. Lawson disclosed to Mr. Moore that he refused to [specify activity in which plaintiff refused to participate] implement Mr. Moore's directive to mis-tint paint;]

3. [That [name of plaintiff] had reasonable cause to believe that the information disclosed [a violation of a [state/federal] statute/[a violation of/noncompliance with] a [local/state/federal] rule or regulation];]

[or]

[That [name of plaintiff] had reasonable cause to believe that the [information provided to/testimony before] the public body disclosed [a violation of a [state/federal] statute/[a violation of/ noncompliance with] a [local/state/federal] rule or regulation];]

[or]

[That [name of plaintiff]'sMr. Lawson believed that his participation in [specify activity] mistinting paint would result in [a violation of a [state or /federal] statute/[a violation of/ noncompliance with] a [local/state/federal] rule or regulation];]

4. That [name of defendant]PPG [discharged/[other adverse employment action]] Mr. Lawson[name of plaintiff];

5. That [[name of plaintiff] Mr. Lawson's [disclosure of information/ refusal to 1369 [specify]]/[name of defendant]'s belief that [name of plaintiff] [had

disclosed/might disclose] information] was a contributing factor in [name of defendant] PPG's decision to [discharge/[other adverse employment action]] [name of plaintiff] Mr. Lawson;

6. That [name of plaintiff]Mr. Lawson was harmed; and

7. That [name of defendant]PPG's's conduct was a substantial factor in causing [name of plaintiff]Mr. Lawson's harm.

A "contributing factor" is any factor, which alone or in connection with other factors, tends to affect the outcome of a decision. A contributing factor can be proved even when other legitimate factors also contributed to the employer's decision.

[The disclosure of policies that an employee believes to be merely unwise, wasteful, gross misconduct, or the like, is not protected. Instead, [name of plaintiff]Mr. Lawson must have reasonably believed that [name of defendant] PPG's's policies violated federal, state, or local statutes, rules, or regulations.]

[It is not [name of plaintiff]Mr. Lawson's motivation for [his/her/nonbinary pronoun] disclosure, but only the content of that disclosure, that determines whether the disclosure is protected.]

[A disclosure is protected even though disclosing the information may be part of [name of plaintiff]Mr. Lawson's job duties.]

[A disclosure is protected even though the [agency/employer] already knew about the information disclosed.]

Plaintiff objects to Defendant's version of this instruction, as it is vaguely stated and is incomplete.

Plaintiff's Proposed Instruction No. 23

AFFIRMATIVE DEFENSE – SAME DECISION (LAB. CODE § 1102.6)[8]

If Mr. Lawson proves that [his/~~her/nonbinary pronoun~~] [~~disclosure of information of/~~]refusal to comply with Moore's mis-tinting directive was a contributing factor in [~~his/her/nonbinary pronoun~~] firing [~~discharge/[other adverse employment action]~~], [~~name of defendant~~]PPG is not liable only if it proves by clear and convincing evidence that [~~he/she/nonbinary pronoun/~~it] would have [~~discharged/[other adverse employment action]~~]fired [~~name of plaintiff~~]Mr. Lawson anyway at that time for legitimate, independent reasons.

Plaintiff requests that this instruction be used, as it more closely applies to the facts of this case.

Defendant objects to this version of the instruction to the extent its proposed version more closely tracks the evidence expected to be introduced at trial.

---

[8] Judicial Council of California Civil Jury Instructions, 2 CACI 4604 (2025).

Defendant's Proposed Instruction No. 23

AFFIRMATIVE DEFENSE – SAME DECISION (LAB. CODE § 1102.6)[9]

If [name of plaintiff] Mr. Lawson proves that [his/her/nonbinary pronoun] [disclosure of information of/refusal to participate in] an unlawful act was a contributing factor to [his/her/nonbinary pronoun] [discharge/[other adverse employment action]], [name of defendant]PPG is not liable if [he/she/nonbinary pronoun/it] proves by clear and convincing evidence that [he/she/nonbinary pronoun/it] would have [discharged/[other adverse employment action]] [name of plaintiff] Mr. Lawson anyway at that time for legitimate, independent reasons.

Plaintiff objects to Defendant's version of this instruction, as it is vaguely stated.

---

[9] Judicial Council of California Civil Jury Instructions, CACI 4604 (2025).

<u>Plaintiff's Proposed Instruction No. 24</u>
WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY – ESSENTIAL FACTUAL ELEMENTS[10]

<u>Mr. Lawson</u> claims <u>he</u> was discharged from employment for reasons that violate a public policy. It is a violation of public policy [*specify claim in case, e.g., to discharge someone from employment for refusing to engage in price fixing*]<u>to fire someone for refusing to mis-tint PPG paint products.</u> To establish this claim, <u>Mr. Lawson</u> must prove <u>each</u> of the following:

1.That <u>Mr. Lawson</u> was employed by <u>PPG</u>;

2.That <u>PPG</u> ~~discharged~~<u>fired Mr. Lawson</u>;

3.That <u>Mr. Lawson's refusal to follow Clarence Moore's directive to mis-tint paint</u> ~~and~~ <u>reporting of this issue to Mr. Moore directly and through PPG's ethics hotline</u> [*insert alleged violation of public policy, e.g., "[name of plaintiff]'s refusal to engage in price fixing"*] was a substantial motivating reason for <u>Mr. Lawson</u>'s ~~discharge~~<u>firing</u>;

4.That <u>Mr. Lawson</u> was harmed; and

5.That ~~the discharge~~<u>PPG's firing</u> of <u>Mr. Lawson</u> was a substantial factor in causing <u>him</u> harm.

---

[10] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – Model Instruction No. 2430.

4934-6170-3479.1 / 127684.1001

Plaintiff requests that this instruction be used, as it more closely applies to the facts of this case. Specifically, it mentions all of Mr. Lawson's methods for reporting and disclosing his refusal to mis-tint the paint product.

Defendant objects to this version of the instruction to the extent its proposed version more closely tracks the evidence expected to be introduced at trial.

4934-6170-3479.1 / 127684.1001

<u>Defendant's Proposed Instruction No. 24</u>

WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
ESSENTIAL FACTUAL ELEMENTS[11]

[Name of plaintiff]Mr. Lawson claims [he/she/nonbinary pronoun] was

discharged from employment for reasons that violate a public policy. It is a

violation of public policy [specify claim in case, e.g.,to discharge someone from

employment for refusing to engage in price fixingunlawful activity]. To establish

this claim, [name of plaintiff] Mr. Lawson must prove all of the following:

    1. That [name of plaintiff] Mr. Lawson was employed by [name of

       defendant]PPG;

    2. That [name of defendant] PPG discharged [name of plaintiff]Mr. Lawson;

    3. That [insert alleged violation of public policy, e.g., "[name of plaintiff]

       Mr. Lawson's refusal to engage in mist-tinting paintprice fixing"] was a

       substantial motivating reason for [name of plaintiff]Mr. Lawson's

       discharge;

    4. That [name of plaintiff] Mr. Lawson was harmed; and

    5. That the discharge was a substantial factor in causing [name of

       plaintiff]Mr. Lawson harm

---

[11] Judicial Council of California Civil Jury Instructions, CACI 2430 (2025).

4934-6170-3479.1 / 127684.1001

Plaintiff objects to Defendant's version of the instruction, as its recitation restricts the method of reporting to one method without cause or justification.

4934-6170-3479.1 / 127684.1001

<u>Defendant's Proposed Jury Instruction No. 25</u>

<u>BUSINESS JUDGMENT</u>[12]

In evaluating Mr. Lawson's claims, you may not question [defendant's] business judgment. You cannot find for Mr. Lawson simply because you disagree with PPG's business judgment or the way it assesses its employees, even if believe it is harsh or unreasonable. You are not to consider PPG' wisdom.

---

[12] *White v. Home Depot U.S.A.*, 2019 WL 1171163 at * 12 (S.D. Cal. 2019) (quoting *Phipps v. Gary Drilling Co.*, 722 F. Supp. 615, 621 (E.D. Cal. 1989)).

4934-6170-3479.1 / 127684.1001

Joint Proposed Instruction No. 25
DAMAGES – PROOF[13]

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for ~~the plaintiff~~Mr. Lawson ~~[~~on ~~his~~ Whistleblower Retaliation Claim under California Labor Code § 1102.5 or on his Wrongful Discharge in Violation of Public Policy Claim ~~the plaintiff's [specify type of claim] claim]~~, you must determine ~~the plaintiff~~ Mr. Lawson's damages. ~~The plaintiff~~Mr. Lawson has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate ~~the plaintiff~~ him for any injury you find was caused by ~~PPG~~the defendant. You should consider the following:

~~[Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)]~~ It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In determining the measure of damages, you should consider:

---

[13] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 5.1 and 5.2, Modified and combined.

45

[The nature and extent of the injuries;]

[The [disability] [disfigurement] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [mental,] and [physical,] [emotional] pain and suffering experienced by Mr. Lawson [and that with reasonable probability will be experienced by him in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] lost up to the present time;]

[The reasonable value of [wages] [earnings] [earning capacity] [salaries] [employment] [business opportunities] [employment opportunities] that with reasonable probability will be lost in the future;]

46

Joint Proposed Instruction No. 26

JURORS NOT TO CONSIDER ATTORNEYS FEES AND COURT COSTS[14]


You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

---

[14] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – Model Instruction No. 3964.

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed Instruction No. 27

ECONOMIC AND NONECONOMIC DAMAGES[15]

The damages claimed by Mr. Lawson for the harm caused by PPG fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

Plaintiff requests that this instruction be included, as it explains to the jury the basic categories of damages. It is also part of the CACI standard jury instructions. Defendant objects to this instruction as unnecessary and redundant.

---

[15] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – 2 CACI 3902.

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed Instruction No. 27
BACKPAY – MITIGATION[16]

If you find for Mr. Lawson ~~the plaintiff [on his the plaintiff's ADEA~~ claims~~]~~, you must determine his ~~the plaintiff's~~ damages. Damages means the amount of money that will reasonably and fairly compensate ~~the plaintiff~~ Mr. Lawson for any loss of ~~[pay,]~~ ~~[wages,]~~ and ~~[benefits]~~ you find was caused by the acts of ~~the defendant~~PPG. You may award the following:

Back Pay:

1. Award: Back pay includes any ~~[back wages,]~~ ~~[lost pay,]~~ ~~[and employee benefits]~~ ~~the plaintiff~~ Mr. Lawson would have received from the date ~~the defendant~~PPG fired ~~[discharged] [failed to hire] [failed to promote] [demoted] [state other adverse employment action]~~ him to the ==[date on which he would have stopped working for PPG had he not been terminated==. ~~of trial] [date the plaintiff [declined] [accepted] reinstatement]]~~. PPG eliminated the Lowe's Territory Manager position on March 9, 2018. If you find that Mr. Lawson has failed to establish that he would have remained employed at PPG beyond that date, any award of back pay must end on that date. ~~The plaintiff~~Mr. Lawson has the burden of proving both the existence and the amount of back pay by a preponderance of the evidence.

---

[16] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 11.13, Modified.

2. Mitigation of Back Pay Award: ~~The plaintiff~~Mr. Lawson has a duty to undertake reasonable measures to minimize ~~[his] [her]~~ damages, and ~~the defendant~~PPG is not required to compensate ~~the plaintiff~~Mr. Lawson for avoidable damages. Thus, your award of back pay should be reduced by the amount of damages that ~~the plaintiff~~Mr. Lawson actually avoided, or could have avoided, if any, if ~~[he] [she]~~had made reasonable efforts. ~~The defendant~~PPG has the burden of proving by a preponderance of the evidence that a reduction should be made and the amount by which the award should reduced.

Therefore:

a. You must deduct any wages or other earnings that ~~the defendant~~PPG proved that ~~the plaintiff~~Mr. Lawson received from other employment from the date ~~the defendant [discharged] [failed to hire] [failed to promote] [demoted] [state other adverse employment action]~~PPG fired ~~the plaintiff~~ him to the ~~[date~~ on which he would have stopped working for PPG had he not been terminated.~~, of trial] [date the plaintiff [declined] [accepted] reinstatement].~~

~~[b. You must deduct any severance pay [and pension benefits] that the defendant proved the plaintiff received after the discharge.]~~

[b.] [c.] If the defendant proves by a preponderance of the evidence either:

(i) that ~~the plaintiff~~ Mr. Lawson unjustifiably failed to take a new job of like kind, status, and pay which was available to ~~plaintiff~~ him, or

(ii) that ~~the plaintiff~~ Mr. Lawson failed to make reasonable efforts to find such new job; you must subtract from the back pay award the amount of money you find that ~~the plaintiff~~ Mr. Lawson could have earned from the time ~~the plaintiff~~ he could have obtained such new job [or should have obtained from such new job, had [he] ~~[she]~~ made reasonable efforts to find such new job] to the [date of trial] [date the plaintiff [declined] [accepted] reinstatement].].

Plaintiff's claim for relief includes backpay, and therefore, Plaintiff wishes to incorporate this standard instruction to the extent that the back pay includes any back wages, lost pay, and employee benefits Mr. Lawson would have received from the **date of his firing to the date of trial**. Plaintiff objects to Defendant's highlighted insertion as not part of the standard CACI instructions and injects an additional requirement on an award of backpay not found in the instruction. Defendant objects to instructing the jury that back pay can run through trial, because Plaintiff's expert report ends damages before that date.

<u>Plaintiff's Proposed Instruction No. 28</u>

DAMAGES – MITIGATION[17]

~~The plaintiff~~ Mr. Lawson has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

~~The defendant~~ PPG has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

Plaintiff requests that this instruction be included because it specifies PPG's burden of proof on mitigation. Moreover, this instruction is part of the model civil jury instructions for the Ninth Circuit.

Defendant objects to this instruction as redundant and unnecessary.

---

[17] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated May 2023) – Model Instruction No. 5.3.

52

<u>Plaintiff's Proposed Instruction No. 32</u>
PAST LOST EARNINGS[18]

~~[*Insert number, e.g.,* "3."]~~ **Past and future lost earnings.**

If you find that ~~[*name of defendant*] [constructively]~~ PPG <u>fired Mr. Lawson</u> ~~discharged [*name of plaintiff*]~~ in violation of <u>the Anti-Retaliation provision of the</u> ~~[*specify, e.g., public policy and the Fair Employment and Housing Act*]~~<u>California Labor Code § 1102.5</u>, then you must decide the amount of past ~~and future~~ lost earnings that <u>he</u> ~~[*name of plaintiff*]~~ has proven <u>he</u> ~~[he/she/*nonbinary pronoun*]~~ is entitled to recover, if any. To make that decision, you must:

1. <u> </u>Decide the amount that <u>Mr. Lawson</u> would have earned up to today, including any benefits and pay increases; and

~~2.  Add the present cash value of any future wages and benefits that [he/she/*nonbinary pronoun*] would have earned for the length of time the employment with [*name of defendant*] PPG was reasonably certain to continue.~~

In determining the period that <u>Mr. Lawson</u>'s employment was reasonably certain to have continued, you should consider such things as:

---

[18] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – Model Instruction No. 3903P.

53

4934-6170-3479.1 / 127684.1001

- o (a) Mr. Lawson's [*Name of plaintiff*]'s age, work performance, and intent regarding continuing employment with [*name of defendant*] PPG;

- o (b)[*Name of defendant*]'s prospects for continuing the operations involving [*name of plaintiff*]; and

- o (be)Any other factor that bears on how long [*name of plaintiff*] Mr. Lawson would have continued to work.

Plaintiff requests that this instruction be included with the omission of reference to front pay, as the instruction clarifies how to calculate these damages consistent with CACI.

Defendant objects to this instruction, as Plaintiff's expert report includes no amounts for front pay and because it is redundant of prior instructions.

Plaintiff's Proposed Instruction No. 33

ITEMS OF NONECONOMIC DAMAGES[19]

The following are the specific items of noneconomic damages claimed by

[~~name of plaintiff~~]Mr. Lawson:

[~~Insert applicable instructions on items of noneconomic damage.~~]

    1.  Past and future emotional distress;

    2.  Reputational Harm;

    3.  Embarrassment


Plaintiff includes this standard CACI instruction as critical to his relief for

emotional distress, reputational harm, and embarrassment as asserted in his

Complaint.

---

[19] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – Model Instruction No. 3905.

Plaintiff's Proposed Instruction No. 34
PAST AND FUTURE EMOTIONAL DISTRESS[20]

~~Insert number, e.g., "1."] [Past] [and] [future] [physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress/[insert other damages]].~~

No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

[To recover for future ~~[insert item of pain and suffering]~~emotional distress, reputational harm, and embarrassment, ~~[name of plaintiff]~~ Mr. Lawson must prove that [he~~/she/nonbinary pronoun]~~ is reasonably certain to suffer that harm.

For future ~~[insert item of pain and suffering]~~emotional distress, reputational harm, and embarrassment, determine the amount in current dollars paid at the time of judgment that will compensate ~~[name of plaintiff]~~ Mr. Lawson for future ~~[insert item of pain and suffering]~~emotional distress, reputational harm, and embarrassment. [This amount of noneconomic damages should not be further

---

[20] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – Model Instruction No. 3905A.

4934-6170-3479.1 / 127684.1001

reduced to present cash value because that reduction should only be performed with respect to economic damages.]

Plaintiff includes this standard CACI instruction as critical to his relief for emotional distress, reputational harm, and embarrassment as asserted in his Complaint.

4934-6170-3479.1 / 127684.1001

Plaintiff's Instruction No. 35

DAMAGES ON MULTIPLE LEGAL THEORIES[21]

[*Name of plaintiff*] Mr. Lawson seeks damages from [*name of defendant*] PPG under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether [*name of defendant*] PPG is liable to [*name of plaintiff*] Mr. Lawson under the following legal theories [*list*]:

1. California Labor Code § 1102.5; [*e.g., breach of employment contract*];

2. [*e.g.,*] Wwrongful termination in violation of public policy[*;*]

3. [*continue*].

The following items of damages are recoverable only once under all of the above legal theories:

1. Lost wages; [*e.g., lost past income*];

2. Emotional distress, reputational harm, and embarrassment;

3. Punitive damages.

2. [*e.g., medical expenses*];

3. [*continue*].

---

[21] Judicial Council of California Civil Jury Instructions ("CACI"), as approved at the Judicial Council's Rules Committee August 2022 Meeting and Judicial Council December 2022 Meeting – 2 CACI 3934.

58

[The following additional items of damages are recoverable only once for [*specify legal theories*]:

- 1.[*e.g., emotional distress*];
- 2.[*continue*].

[*Continue until all items of damages recoverable under any legal theory have been listed.*]]

Defendant objects to the reference to punitive damages.

Defendant's Proposed Instruction No. 36

ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES[22]

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

---

[22] Judicial Council of California Civil Jury Instructions, CACI 3925 (2025).

4934-6170-3479.1 / 127684.1001

Plaintiff's Proposed Instruction No. 37[23]

Punitive Damages Against Employer or Principal for Conduct of a Specific Agent or Employee – Bifurcated Trial (First Phase)

If you decide that [name of employee/agent]Clarence Moore and/or Sean Kacsir's conduct caused [name of plaintiff]Mr. Lawson harm, you must decide whether that conduct justifies an award of punitive damages against PPG[name of defendant] for [name of employee/agent]'sMr. Moore and/or Mr. Kacsir's conduct. At this time, you must decide whether [name of plaintiff]Mr. Lawson has proved by clear and convincing evidence that [name of employee/agent]Mr. Moore and/or Mr. Kacsir engaged in that conduct with malice, oppression, or fraud. The amount of punitive damages, if any, will be decided later.

"Malice" means that [name of employee/agent]Mr. Moore and/or Mr. Kacsir acted with intent to cause injury or that [name of employee/agent]Mr. Moore and/or Mr. Kacsir's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when the person is aware of the probable dangerous consequences of the person's conduct and

---

[23] Judicial Council of California Civil Jury Instructions, CACI 3944 (2025).

61

deliberately fails to avoid those consequences.

"Oppression" means that [name of employee/agent]Mr. Moore and/or Mr. Kacsir's conduct was despicable and subjected [name of plaintiff]Mr. Lawson to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun] rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of employee/agent]Mr. Moore and/or Mr. Kacsir intentionally misrepresented or concealed a material fact and did so intending to harm [name of plaintiff]Mr. Lawson. [Name of plaintiff]Mr. Lawson must also prove [one of] the following by clear and convincing evidence:

1. [That [name of employee/agent]Mr. Moore and/or Mr. Kacsir was an officer, a director, or a managing agent of [name of defendant]PPG who was acting on behalf of [name of defendant]PPG; [or]]

2. [That an officer, a director, or a managing agent of [name of defendant] PPG had advance knowledge of the unfitness of [name of employee/agent]Mr. Moore and/or Mr. Kacsir and employed [him/her/nonbinary pronoun] them with a knowing disregard of the rights or safety of others; [or]]

3. [That an officer, a director, or a managing agent of [name of

62

defendant]PPG authorized [name of employee/agent]Mr. Moore and/or Mr. Kacsir's conduct; [or]]

4. [That an officer, a director, or a managing agent of [name of defendant] PPG knew of [name of employee/agent]Mr. Moore and/or Mr. Kacsir's wrongful conduct and adopted or approved the conduct after it occurred.]

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

Plaintiff's proposed instruction applies to punitive damages against an employer or principal for conduct of a specific agent or employee in the first phase of a bifurcated trial and should be given in addition to Defendant's proposed instruction.

Defendant objects to Plaintiff's proposed instruction regarding the application of damages against an employer or principal.

Defendant's Proposed Instruction No. 37

PUNITIVE DAMAGES[24] – ENTITY DEFENDANT –
BIFURCATED TRIAL (FIRST PHASE)[25]

If you decide that [name of defendant]PPG's conduct caused [name of plaintiff]Mr. Lawson harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether [name of plaintiff]Mr. Lawson has proved that [name of defendant]PPG engaged in that conduct with malice, oppression, or fraud. To do this, [name of plaintiff]Mr. Lawson must prove [one of] the following by clear and convincing evidence:

1. [That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of [name of defendant] who acted on behalf of [name of defendant]PPG; [or]]

2. [That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of [name of defendant]PPG; [or]]

---

[24] It is a Defendant's position that Plaintiff, as a matter of law, is not entitled to punitive damages, and that the jury should not be instructed on this issue.   In the alternative, Defendant proposes this instruction in the event the Court chooses to submit this issue to the jury.

[25] Judicial Council of California Civil Jury Instructions, CACI 3946 (2025).

4934-6170-3479.1 / 127684.1001

3. [That one or more officers, directors, or managing agents of [name of defendant]PPG knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.]

"Malice" means that [name of defendant]PPG acted with intent to cause injury or that [name of defendant]PPG's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A defendant acts with knowing disregard when the defendant is aware of the probable dangerous consequences of the defendant's conduct and deliberately fails to avoid those consequences.

"Oppression" means that [name of defendant]PPG's conduct was despicable and subjected [name of plaintiff]Mr. Lawson to cruel and unjust hardship in knowing disregard of [his/her/nonbinary pronoun] rights. "Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that [name of defendant]PPG intentionally misrepresented or concealed a material fact and did so intending to harm [name of plaintiff]Mr. Lawson.

In order to find an award of punitive damages appropriate, you must find that PPG acted with malice, oppression or fraud toward Mr. Lawson. Punitive

damages may not be awarded in order to punish the PPG for harm to any person or entity other than Mr. Lawson.[26]

An employee is a "managing agent" if the employee exercises substantial independent authority and judgment in corporate decision-making such that the employee's decisions ultimately determine corporate policy.

Plaintiff does not object to Defendant's proposed instruction, CACI 3946 and also requests that the instructions also include CACI 3944 as indicated above. Defendant objects to Plaintiff's request to include CACI 3944, as this instruction may mislead the jury into awarding damages based on an improper or unproven legal theory regarding the alleged misconduct of an employee not on trial.

---

[26] This paragraph adapted from Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, prepared by the Ninth Circuit Jury Instructions Committee, 2017 Edition (Last Updated November 2024) – Model Instruction No. 5.5.

4934-6170-3479.1 / 127684.1001