THEODORE A. SCHROEDER, PA Bar No. 80559 *(pro hac vice)*
tschroeder@littler.com
LITTLER MENDELSON, P.C.
625 Liberty Avenue
26th Floor
Pittsburgh, PA  15222
Telephone: 412.201.7600
Fax No.:    412.456.2377

MIKO SARGIZIAN, Bar No. 285976
msargizian@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California  92612
Telephone: 949.705.3000
Fax No.:    949.724.1201

KARIN M. COGBILL, Bar No. 244606
Karin.Cogbill@jacksonlewis.com
JACKSON LEWIS, P.C.
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Telephone: 408.579-0404

Attorneys for Defendant
PPG ARCHITECTURAL FINISHES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLEN LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC.,<br><br>Defendant. | Case No.  8:18-CV-00705 JVS-JPR<br><br>**DEFENDANT PPG ARCHITECTURAL FINISHES, INC. POCKET BRIEF IN SUPPORT OF EXCLUDING PUNITIVE DAMAGES**<br><br>Trial Date: April 7, 2025<br>Time:       9:00 a.m.<br>Crtrm:     10C |

Pursuant to the Court's request, Defendant PPG Architectural Finishes, Inc. ("PPG" or "Defendant") respectfully submits this Pocket Brief to request that the Court exclude Plaintiff Wallen Lawson's ("Plaintiff") punitive damages claim from consideration by the jury and grant PPG judgment as a matter of law on this issue.[1] Plaintiff has failed to meet the evidentiary burden required by California Civil Code § 3294, which mandates "clear and convincing evidence" of malice, oppression, or fraud by a corporate officer, director, or managing agent acting with advance knowledge, authorization, or ratification in terminating Mr. Lawson's employment. Based on the evidence presented at trial, Plaintiff cannot carry this burden as a matter of law.

## I. PLAINTIFF HAS NOT MADE, AND CANNOT MAKE, THE REQUISITE SHOWING TO JUSTIFY PUNITIVE DAMAGES PURSUANT TO CAL. CIV. CODE § 3294

To recover punitive damages against an employer, a plaintiff must demonstrate by clear and convincing evidence that an officer, director or managing agent of the employer acted with oppression, fraud, or malice, or that such individual ratified that conduct. Cal. Civ. Code § 3294. As Plaintiff has failed to prove any of these elements, he is not entitled to punitive damages.

### A. Plaintiff Has Not And Will Not Establish By Clear and Convincing Evidence That Anyone Employed By PPG Acted With Malice Oppression, Or Fraud In Terminating Mr. Lawson's Employment.

"Oppression" is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id*. § 3294(c)(2). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." *Id*. § 3294(c)(1).

---

[1] Pursuant to Federal Rule of Civil Procedure 50(a), PPG intends to file a motion for judgment as matter of law as to this issue, and others, following the close of Plaintiff's case.

"Despicable conduct" refers to "conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Tomaselli v. Transamerica Ins. Co.*, 31 Cal. Rptr. 2d 433, 444 (Ct. App. 1994). Fraud is the "intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* § 3294(c)(3).

There is no evidence of such conduct in this case as Plaintiff was terminated from his employment for failing to perform the most essential duties of his job as a Territory Manager – developing and delivering sales plans to sell PPG products within Plaintiff's territory. After Plaintiff failed to attain his monthly sales quotas for eight of the prior twelve months, and struggled on consecutive market walks, he was placed on a Performance Improvement Plan ("PIP"). The goal of the PIP was to help Plaintiff improve his performance and help him meet the expectations and requirements of his job. At the conclusion of his initial 60-day PIP, the Company extended the PIP for an additional 30 days. Despite oversight from Human Resources and Plaintiff's Regional Sales Manager and Divisional Manager, Plaintiff was unable to meet the requirements of his position, and was terminated as a result, devoid of any extreme conduct whatsoever. In fact, none of the witnesses have testified or will testify to any conduct by PPG managers rising to the level of "malice" (intent to injure), "oppression" (conscious disregard of rights), or "fraud" (intent to deceive). Clarence Moore will testify that he had no retaliatory intent toward Plaintiff and simply held Mr. Lawson accountable for meeting well-established performance standards. Clarence Moore and Andy Mayhew will consistently testify that Plaintiff's termination was based on legitimate, documented performance deficiencies. Sean Kacsir and Andrew Mayhew will corroborate that Plaintiff's performance assessments and termination were handled in accordance with standard company procedures.

The evidence which Plaintiff introduced does not and will not support his

underlying claims, let alone satisfy the standard for egregiousness to support punitive damages. The record is entirely devoid of any extreme comments or actions by any PPG employee or employees as it relates to Mr. Lawson's termination. As such, **no** conduct attributable to PPG rises to the level of clear and convincing evidence of extreme conduct required for an award of punitive damages. *Mathieu v. Norrell Corp.*, 115 Cal.App.4th 1174, 1191 (2004).

### B. No Managing Agent Was Involved in the Alleged Conduct.

Plaintiff has not identified any officer, director, or managing agent responsible for the decision to terminate Plaintiff. There is no evidence that the individuals who were involved in the decision to terminate Plaintiff – Moore, Mayhew and Kascir – were officers, directors, or managing agents of PPG. A corporate employer will be liable for punitive damages based on the acts of an employee only if an "officer, director, or managing agent" (1) "had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others[,]" or (2) "ratified the wrongful conduct for which the damages are awarded[,]" or (3) "was personally guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(b). California law thereby avoids imposing liability for punitive damages on a corporation "for malice of low-level employees which does not reflect the corporate 'state of mind' or the intentions of corporate leaders." *Cruz v. HomeBase*, 99 Cal. Rptr. 2d 435, 439 (Ct. App. 2000).

Employees who "exercise substantial discretionary authority over decisions that ultimately determine corporate policy" qualify as "managing agents." *Id*. at 440 (internal quotations, alteration, and citation omitted) (emphasis in original). "Corporate policy" refers to "the general principles which guide a corporation, or rules intended to be followed consistently over time in corporate operations." *Id*. Mere ability to hire and fire employees does not render a supervisory employee a managing agent. *White v. Ultramar, Inc.,* 21 Cal. 4th 563, 566, (1999) (holding a plaintiff's supervisor was not a managing agent, even though the supervisor was the highest

ranking employee in Southern California, because he did not have authority to establish or change corporate policy). A plaintiff must show by clear and convincing evidence that an employee qualifies as a "managing agent." *Barton v. Alexander Hamilton Life Ins. Co. of Am.*, 3 Cal. Rptr. 3d 258, 261 (Ct. App. 2003).

However, even if it is found that Moore, Mayhew and Kascir terminated Plaintiff due to retaliatory animus (which they did not), there was no officer, director, or managing agent who ratified their conduct. Likewise, McKinley's job title of "director" places her well below the policy-making level of the corporate hierarchy, and the evidence showed that McKinley did not meet the definition of a managing agent, as McKinley's authority was limited to a particular group of field employees Territory, Regional Sales, and Divisional Managers who supported PPG business for the Home Depot, Lowe's, and Menards, and not affecting larger corporate policy. (Dkt. 155-7, at 6:16 – 7:12.) More importantly, not only was McKinley not involved in the decision to terminate Plaintiff, there is no evidence that she was involved in making decisions related to corporate policy. As such, McKinley was not a managing agent for PPG. *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 421-22 (1994).

Beyond the lack of any egregious conduct attributable to a managing agent, the California Supreme Court has held that an employer's written policy specifically forbidding the unlawful conduct at issue "may operate to limit corporate liability for punitive damages, as long as the employer implements the written policy in good faith." *Ultramar*, 21 Cal. 4th at 568, fn. 2; *see Kolstad v. American Dental Ass'n*, 527 U.S. 526, 541-43 (1999) (employer's adoption and implementation of written policy against workplace discrimination may shield it from punitive damages liability for discriminatory acts by its managers). Here, PPG maintained a Global Code of Ethics, that expressly forbid unlawful retaliation, as well as policies and procedures for reporting and investigating any such unlawful retaliation. (Exhibit 7, at 7.) The undisputed evidence introduced at trial also established that PPG trained its employees on the policy, promptly investigated Plaintiff's anonymous complaint, and took

corrective action following its investigation. Accordingly, Plaintiff's claim for punitive damages fails for this additional reason.

## II. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES BASED ON CONDUCT NOT DIRECTED TOWARDS HIM

California law is clear that in order to recover punitive damages, the plaintiff must establish that the defendant acted with "oppression, fraud, or malice" specifically directed toward the plaintiff, and not merely toward third parties. Cal. Civ. Code § 3294(a). Section 3294 requires that the wrongful conduct — whether it be malice, oppression, or fraud — be "with respect to the plaintiff," meaning the misconduct must have been committed against the plaintiff personally. California courts have repeatedly emphasized this principle, holding that "[p]unitive damages are proper only when the tortious conduct rises to levels if extreme indifference to the ***Plaintiff's*** rights, a level which decent citizen should not have to tolerate. *Lackner v. North*, 135 Cal.App.4th 1188, 1210-1212 (2006). Consequently, punitive damages are not recoverable where the alleged fraud or malicious conduct was directed solely at third parties rather than the plaintiff himself.  Here, Plaintiff appears to argue that his termination was part of some alleged scheme to defraud Lowe's.  Putting aside the lack of evidence that this occurred – there has been no evidence offered at this trial of any ***actual*** financial loss by or material misrepresentations made to Lowe's[2] – Plaintiff uses this alleged conduct as the sole basis to support a claim for punitive damages.

## III. CONCLUSION

Based upon the foregoing, and as the Court has observed during the course of the trial, Plaintiff has failed to meet his burden as to punitive damages liability.  The admissible evidence at trial does not show, by clear and convincing evidence, that any director, officer or managing agent of PPG engaged or otherwise participated in malicious, oppressive or fraudulent behavior when terminating Plaintiff.  As a result,

---

[2] Nor has Plaintiff offered or will he offer evidence of an officer, director or managing agent of PPG who participated in any alleged fraud against Lowe's.

Plaintiff claim for punitive damages can and must be adjudicated by the Court in PPG's favor.  PPG respectfully requests that the Court exclude Plaintiff's claims for punitive damages, including excluding any jury instructions regarding this claim.

Dated: April 28, 2025

*s/ Miko Sargizian*
THEODORE A. SCHROEDER
MIKO SARGIZIAN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
PPG ARCHITECTURAL FINISHES, INC.

Dated: April 28, 2025

*s/ Karin M. Cogbill*
KARIN M. COGBILL
JACKSON LEWIS, P.C.
Attorneys for Defendant
PPG ARCHITECTURAL FINISHES, INC.

4906-2776-5051.1 / 127684.1001