1  THEODORE A. SCHROEDER, Bar No. 80559 (*pro hac vice*)
   tschroeder@littler.com
2  LITTLER MENDELSON, P.C.
3  1 PPG Place
   Suite 2400
4  Pittsburgh, Pennsylvania 15222
   Telephone:   412.201.7600
5  Fax No.:     412.456.2377

6  MIKO SARGIZIAN, Bar No. 285976
   msargizian@littler.com
7  LITTLER MENDELSON, P.C.
8  18565 Jamboree Road
   Suite 800
9  Irvine, California  92612
   Telephone:   949.705.3000
10 Fax No.:     949.724.1201

11 *Additional counsel on next page*

12
13                     UNITED STATES DISTRICT COURT
14                    CENTRAL DISTRICT OF CALIFORNIA

15

16 | WALLEN LAWSON, | Case No. 8:18-CV-00705 JVS-JPR |

17 | Plaintiff, | **DEFENDANT PPG ARCHITECTURAL FINISHES, INC.'S RESPONSE TO PLAINTIFF'S AMENDED COSTS DOCUMENTS [DKT. 252]** |

18 | v. |
19 | PPG ARCHITECTURAL FINISHES, INC., |
20 | Defendant. |

21
22
23
24
25
26
27
28

1  KARIN M. COGBILL, Bar No. 244606
   Karin.Cogbill@jacksonlewis.com
2  JACKSON LEWIS, P.C.
   160 W Santa Clara St.
3  Suite 400
   San Jose, CA 95113
4  Telephone:    408.579-0404
5
   Attorneys for Defendant
6  PPG ARCHITECTURAL FINISHES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO PLAINTIFF'S COSTS DOCUMENTS

## I. INTRODUCTION

Consistent with their exorbitant fee petition, Plaintiff's request for costs includes first class flights, seat upgrades, hotel stays at more than $1,000 a night, cocktails, expensive dinners, and personal expenses. Although the Court directed Plaintiff to provided invoices to substantiate the original request for costs, Plaintiff limited his filing to only travel related costs, and as such, has not provided anything other than internal invoicing. The Court should exercise its discretion and deny Plaintiff's request for costs.[1]

## II. ARGUMENT

Even if the Court finds that non-taxable costs are statutorily permitted, such costs must be reasonable and consistent with what is normally charged to paying clients. *Grove v. Wells Fargo Fin. Cal., Inc.* (9th Cir. 2010) 606 F.3d 577. Although not exhaustive, the following outlines the unreasonable nature of the costs sought by Plaintiff.

**Hotel Costs**: During trial, Attorneys Moran and Booker stayed at the Pendry in Newport Beach at a nightly cost (including taxes and resort fees) ranging from $510.56 to $777.94/night. *See* Plaintiff's Exhibit B, pgs. 125-130, 150-156. Attorney Fox stayed at the same hotel at a nightly cost (including taxes, resort fees and daily $150 room upgrades) ranging from $757.79 to $1541.39/night. *See* Exhibit B, pgs. 172-180. Their co-counsel, on the other hand, Attorney Okadigbo, stayed at the Wyndam Hotel for a nightly cost (including taxes) ranging from $175.03 to $296.37/night. *See* Dkt. 208-2, pgs. 19-20.

Similarly, during the pretrial conference, Attorneys Booker and Fox incurred hotel costs ranging from $587.50 to $679.94/night (Ex. B, pgs. 106, 113), whereas Attorney Okadigbo's hotel stay was $175.69/night. *See* Dkt. 208-2, pg. 21.[2]

Attorneys Moran, Booker and Fox have offered no explanation as to why the costs they incurred were reasonable or necessary, especially when compared against those of their co-counsel.

When Attorneys Horowitz and Fox flew to California for the second mock trial in August

---

[1] This response is submitted in addition to the arguments PPG made in opposition to Plaintiff's original request for costs, as well as those asserted at oral argument. PPG maintains that non-taxable costs are not recoverable in the first instance.

[2] The invoice submitted for Attorney Fox is incomplete and does not contain a full breakdown of the $2,892.69 in costs at the Pendry. *See* Ex. B, pg. 113.

2022, they incurred hotel costs on August 26, 2022 (Ex. B, pgs. 31, 43), yet their flights did not have them arriving in California until August 27, 2022 (Ex. B, pg. 25).

**Flight Costs**: There are numerous instances of counsel flying first class, paying for seat upgrades, seeking reimbursement for in-flight wifi, as well as invoices for flights that are unrelated to this litigation.

In June 2019, when Attorney Horowitz and Attorney Fox flew to California for the first of three mock trials they conducted, they both flew First Class. Ex. B, pgs. 18-21. Attorney Horowitz again flew First Class in November 2022. Ex. B, pg. 62.

On April 8, 2025, Attorney Booker flew First Class back to Pittsburgh at a cost of $1,288.96. Exhibit B, pg 103. On his flight to California, Attorney Booker flew Economy but then paid $71 for a seat upgrade. Ex. B, pg. 104. Attorney Fox also flew First Class during this same trip (Ex. B, pg. 109) and paid for seat upgrades. (Ex. B, pg. 111).

Exhibit B, page 13 includes $1,264.61 for Attorney Fox to travel to Detroit, where there is no corresponding time entered, or other explanation of how this expense related to the underlying case. Pages 28-29 include a flight and hotel for Attorney Fox and pages 40-41 include a flight and hotel for Attorney Horowitz, both to Portland, Oregon, where there is no corresponding time entered, or other explanation of how this expense related to the underlying case. Exhibit B also includes Uber/Lyft rides without any indication of where the attorney travelled to/from, including on March 13, 2025, a date that has no other corresponding travel. (Ex. B, pg. 98).

Plaintiff's Exhibit A reflects multiple seat purchases and upgrades, in addition to flights in excess of $1,000.

Finally, Plaintiff admits he is seeking his **own** costs to travel to Pittsburgh. Plaintiff has offered no authority to suggest that such costs incurred by him directly would be covered as reasonable attorneys fees.

**Meals**: Plaintiff's request for reimbursement of meal related expenses ranges from multiple $8 sodas, to $14 Kombucha, to $16 trail mix, to $105.10 tabs at the Pendry's Cabaret club, to multiple $200+ dinners, including a $560+ dinner at Hotel Laguna. The hotel receipts from Attorney Moran, Horowitz and Fox contain numerous room service or restaurant charges without

any itemized receipt. While difficult to read, it appears Attorney Fox is also seeking $241.88 for having dinner with the Plaintiff on 8/26 (Ex. B, pg. 35) and another $199.48 for a meal with Plaintiff that same day (Ex. B, pg. 35).

**Car Rentals and Parking**: Plaintiff's request includes $722.53 for "Car rental" without any underlying receipt (Ex. B, pg. 100), and $1,034.93 to rent a Luxury Elite, BMW 5 Series. (Ex. B, pg. 188). The hotel receipts from the Pendry show that in addition to nightly parking, Plaintiff is also seeking reimbursement of daily parking without any explanation of who was parking at the hotel in addition to counsel.

**Miscellaneous Expenses**: Finally, Plaintiff's Exhibit B include various miscellaneous expenses including a Charging Kit (Ex. B, pg. 126), purchases at Staples (Ex. B, pg. 158), Dick's Sporting Goods (Ex. B, pg. 157), and Whole Foods (Ex. B, pg. 159).

## III.  CONCLUSION

The above costs are demonstrative of how Plaintiff's counsel has literally tossed all of their receipts at the Court and PPG to parse through them, and do not include every example of the absurd nature of Plaintiff's request. Plaintiff has offered no authority to suggest that **every single** thing its counsel appears to have eaten, drunk and purchased while traveling is reimbursable under the law, and for that reason (in addition to those previously asserted), PPG requests that the Court deny Plaintiff's request for cost.

Dated: October 16, 2025              JACKSON LEWIS, P.C.


                                     By:   */s/ Karin M. Cogbill*
                                           Karin M. Cogbill
                                           Attorneys for Defendant
                                           PPG ARCHITECTURAL FINISHES, INC.

4916-1546-4819, v. 1